# Winifred O'Farrell, Appellant, v. Malinda Vickrage et al., Appellees.

1. ATTACHMENTS—*what issues raised by interplea.* The only question raised by an interplea in attachment is the title to the property involved and no other issue should be tried.

2. ATTACHMENTS—*what evidence inadmissible upon trial of interplea.* Evidence as to the transactions out of which the claim of the plaintiff against defendant in attachment arose and evidence of the illegitimate character of such transactions, is incompetent upon the trial upon the issue raised by an interplea.

3. HUSBAND AND WIFE—*when latter's property not subject to former's debts.* Property of the wife cannot be subjected to the debts of her husband unless she has permitted it to be used by him in such manner as to induce the credit given.

Appeal from the City Court of Pana; the HON. J. E. DUNNEGAN, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 14, 1911.

W. H. CHEW, E. A. HUMPREY and W. B. McBRIDE, for appellant.

HOGAN & WALLACE and McQUIGG & DOWELL, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This action grows out of an attachment writ issued out of the city court of Pana against one E. F. O'Farrell and levied upon property then located in a car upon the tracks of the C. & E. I. Railroad, as the property of E. F. O'Farrell. After this attachment was levied appellant, Winifred O'Farrell, the wife of E. F. O'Farrell, filed an interpleader claiming the property, and that she was entitled to its possession. Under the statute, the cause of action was docketed as Winifred

O'Farrell against Malinda Vickrage, and the sole issue raised by the interpleader was the question as to whether or not the property levied on under the attachment writ was the property of Winifred O'Farrell, interpleader, or that of E. F. O'Farrell, defendant in the attachment writ. There have been three trials, the first two resulting in the verdicts that a portion of the property in the car belonged to the interpleader; these verdicts were set aside. Upon the third trial the jury returned a verdict finding the issue for the defendant. Upon that verdict a judgment was rendered against appellant for costs, from which she prosecutes this appeal.

Appellant insists that the judgment should be reversed because the court erred in the admission and rejection of evidence upon the trial, that the court erred in its instructions to the jury, and that the verdict was contrary to the evidence.

The record discloses that a number of years ago Winifred O'Farrell inherited from her father's estate some $350; that fifty dollars of this fund was used for the purpose of purchasing a piece of property in Pana, Illinois; that out of the balance of the money certain personal property was bought by E. F. O'Farrell, as agent of Winifred O'Farrell, and paid for out of the money she inherited. The first purchase of property in this manner was a few household goods, several cows and pigs. When the property was purchased in Pana, a bond for the deed was taken in the name of Winifred O'Farrell; the title was then in one George D. Chafee; the title was afterwards transferred to Winifred O'Farrell and a mortgage executed upon the property to Chafee. After this, improvements were made upon the property; these improvements were paid for by E. F. O'Farrell, husband of Winifred O'Farrell; that for a number of years these parties lived in Pana; the cows were milked and the milk sold, pigs were raised and sold and others purchased,

and that from the accumulations from these funds property was bought for the household use. After these conditions had continued for some time, E. F. O'Farrell became the agent of Malinda Vickrage, plaintiff in the judgment suit and appellee herein; that while he was such agent he defrauded Malinda Vickrage out of considerable money out of which trouble arose between them and he was prosecuted for embezzlement. The transactions between E. F. O'Farrell and Malinda Vickrage grew out of the handling of certain property by O'Farrell for Malinda Vickrage. While it was necessary for Malinda Vickrage, appellee, to show that E. F. O'Farrell was indebted to her in order to maintain her attachment writ, it was admitted by appellant at the commencement of the trial of the rights of property, and the admission entered in the record, that E. F. O'Farrell was indebted to Malinda Vickrage and that she was entitled to maintain her attachment writ as against him; these admissions obviated any further showing that E. F. O'Farrell was indebted to Malinda Vickrage. Over objections of the interpleader, the court permitted defendant, Malinda Vickrage, to go into detail and disclose upon the trial all of the transactions between her and E. F. O'Farrell. All of the transactions had between Malinda Vickrage and E. F. O'Farrell were had without any knowledge or information thereof on the part of Winifred O'Farrell; she was not present at any of the transactions and had nothing whatever to do with them and as to her the evidence of all these transactions, their nature and character, as to whether they were legitimate or not, was wholly immaterial and it was error in the trial court to admit proof of these matters upon the trial. They could have had no other effect than to be prejudicial to appellant. The only question raised by this interpleader was the title to this property and no other issue should have been tried. Springer v. Bigford, 160 Ill. 498.

The court also permitted as cross examination of one R. P. Vickrage a conversation to be recited which was had between Vickrage and E. F. O'Farrell at Davenport, Iowa, which it was not even contended was in the presence of appellant. This matter was not proper cross-examination and to permit the conversation to be detailed was error. This conversation grew out of and related wholly to transactions between O'Farrell and appellee herein.

The property bought in the city of Pana when appellant and her husband first went to Pana was sold and considerable profit made thereon and the trial court held that whatever profit was made in that transaction belonged to and was the property of E. F. O'Farrell. We presume this was upon the theory that O'Farrell was the head of the family and acted as such and attended to the affairs of the family and that it was through his efforts the accumulations were had, but the entire transaction of purchasing the property and making the improvements thereon was done and paid for long before the transactions between E. F. O'Farrell and Malinda Vickrage took place and prior to the time of his indebtedness to her. At that time he had the right to do as he sought fit with property, either his own or his wife's, so far as it related to any rights of Malinda Vickrage therein.

The first instruction given on behalf of defendant herein is erroneous as appellant's property could in no manner be subject to the debts of E. F. O'Farrell unless she permitted it to be used by him in such manner that credit was thereby given to him by Malinda Vickrage, and there is no contention of any such conditions in this case.

The third instruction given on behalf of appellee is erroneous for the same reasons stated regarding instruction number one. The twelfth instruction informed the jury that if the goods had the name of E. F. O'Farrell thereon the presumption was that they

were his goods. This does not state a correct principle of law, unless the goods were so tagged by and with the consent of appellant, and there is no evidence or contention that such was the fact.

Upon the contention that the verdict and judgment are contrary to the evidence, the record discloses beyond controversy that considerable of the property belonged to and was the property of appellant and there can be no just claim that such property can be subject to the debts of her husband. The verdict is clearly against the manifest weight of the evidence, and it was error to render a judgment against her on this verdict.

For the reasons herein set forth, the judgment is reversed and the cause remanded.

*Reversed and remanded.*