## Winifred O'Farrell, Appellant, v. Malinda Vickerage and E. F. O'Farrell, Appellees.

1.  APPEAL AND ERROR, § 1810*—*when Appellate Court may enter final judgment.*  Where the cause was heard by the trial court, the jury having been waived, the Appellate Court is empowered to render final judgment without remanding the cause.

2.  ATTACHMENT, § 312*—*when finding of trial court as to owner- ship of property not sustained by the evidence.*  In an attachment proceeding in which the wife of the attachment defendant inter- pleaded claiming ownership of the property, a finding by the trial court of property in the attachment defendant *held* not warranted by the evidence, it appearing that the property was purchased by the wife with her own money, that the property was in her posses- sion at the time of the levy, that the wife was not liable on the indebtedness for which the attachment suit was brought, and that the Appellate Court on a former appeal of the cause found that the property belonged to her on substantially the same record as upon the present appeal, so far as the evidence is concerned.

Appeal from the City Court of Pana; the Hon. PAUL MCWILLIAMS, Judge, presiding.   Heard in this court at the April term, 1913. Reversed with judgment here.   Opinion filed October 16, 1913.

W. H. CHEW and E. A. HUMPHREY, for appellant.

J. E. HOGAN and McQUIGG & DOWELL, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opin- ion of the court.

This is the second appeal of this case to this court. The opinion filed upon the first hearing (163 Ill. App. 519) contains a statement of facts and what the evi- dence proved upon the first trial.  At that time the judgment in favor of appellee herein was reversed and the cause remanded for a new trial.  Upon calling the case for trial after the cause was reinstated in the trial court, a stipulation was entered into submitting the cause to the court without a jury upon the record of the testimony taken in the first hearing, and so far as

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

this record discloses we find no other or different testimony, and the record is now before this court substantially as it was upon the former hearing with the exception that the case was tried before the court and propositions of law submitted to it instead of submitting the questions of fact to the jury upon the instructions. The former judgment was in favor of the defendant, and a jury not having been waived, upon the reversal of that judgment we were compelled to remand the cause for a new trial, but as the cause now appears, the jury having been waived, this court is empowered to render final judgment without remanding the cause.

From the finding of facts and conclusions arrived at by this court upon the former appeal, all of the property that was contained in the car which was intended to be shipped by appellant to her home in Oklahoma was found to belong to her by this court, and there is no proof that the husband of appellant furnished any money or provided any funds for the purchase of any property contained in this car. The property was at the time of the levying of the attachment writ in the possession of appellant and was taken from her by the officers levying this writ. Her possession was *prima facie* ownership, and in addition to this *prima facie* evidence of ownership, as stated in our former opinion, the record discloses that the money and proceeds which were furnished and used for the purchase of the property involved was furnished and provided by appellant; that the indebtedness for which the attachment suit is brought by appellee herein against the husband of appellant was not occasioned and was in no way induced by reason of the fact that appellant's husband was apparently the head of the family, and was to that extent and that alone at one time in the possession of this property, but the indebtedness which was created in favor of appellee against the husband of appellant grew out of personal transactions between appellee and the husband of appellant,

who was a lawyer, and the misappropriation of funds of appellee by appellant's husband for which appellant was in no way responsible and of which she had no knowledge. It is contended by appellee that a portion of the funds used in the purchase of the property in question was originally furnished by the husband of appellant; even if this be conceded, the proof is that it was furnished or given her long before the husband of appellant became indebted to appellee and prior to that time it is of no concern to appellee what he did with his money.

The finding of the trial court and the judgment rendered upon that finding is not warranted by the evidence in this record, and being clearly and manifestly against the weight of the evidence, the judgment is reversed and final judgment will be rendered in this court, there having already been four trials of this cause.

The finding of this court will be that the interpleader, Winifred O'Farrell, is the owner of and entitled to the possession of the property in question, and judgment will be rendered in this court finding appellant to be the owner of the property in question and awarding its possession to her, and judgment against appellee and for all costs.

*Reversed with final judgment in this court.*